UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRYNA KOZAK,<br><br>                Plaintiff,<br><br>vs.<br><br>INTERTEK USA INC., and JOHN F. STACHOWIAK, individually and as an employee of INTERTEK USA INC.,<br><br>                Defendants. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Iryna Kozak ("Kozak"), by and through her undersigned counsel, by way of Complaint against Intertek USA Inc. ("Intertek"), and John F. Stachowiak ("Stachowiak"), individually and as an employee of Intertek (collectively "Defendants"), hereby states as follows:

### THE PARTIES

1. Plaintiff, Iryna Kozak ("Plaintiff" or "Kozak"), is a resident of New Jersey, who resides at 27 Steeplechase Blvd., Burlington, NJ 08016.

2. Defendant, Intertek USA Inc. ("Intertek"), is a Louisiana corporation with its principal place of business located in Texas, at 200 Westlake Park Blvd., Suite 400, Houston, TX 77079.

3. Intertek does business in New Jersey and has an office located at 1000 Port Carteret Drive, Carteret, NJ 07008. At all relevant times herein, Preston Smith ("Smith") served as the Northeast Area Manager for Intertek and had full supervisory and oversight responsibility for Intertek's operations conducted at or out of the Carteret, NJ location.

4.  Defendant, John Stachowiak ("Stachowiak") is an individual residing at 7105 River Drive Road, Edgemere, MD 21219. At all relevant times as alleged herein, Stachowiak was employed by Intertek, and was assigned to and worked out of Intertek's Carteret, NJ office under the direction and supervision of Smith.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  Personal jurisdiction over Intertek is proper because Intertek conducts business in New Jersey, through its branch office in Carteret, NJ, derives substantial revenue from intrastate and interstate commerce, and has engaged in conduct that has significantly and adversely affected the interests of Kozak, who resides in New Jersey.

7.  Similarly, personal jurisdiction over Defendant, Stachowiak is proper because *inter alia,* Stachowiak has his principal place of employment at Intertek's office in Carteret, New Jersey and through his employment has continuous, systematic and extensive contacts with New Jersey.

8.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of New Jersey and because Intertek conducts business in New Jersey through its branch office in Carteret, NJ, and because Stachowiak has his principal place of employment in New Jersey and through his employment has continuous, systematic and extensive contacts with New Jersey.

## STATEMENT OF FACTS

9.  Intertek provides fuel, petroleum and chemical testing and inspection services in New Jersey and New York.

10. On or about February 12, 2022, Stachowiak contacted Kozak via Facebook messenger to inform her that he had been hired to work for Intertek and that he wanted to hire Kozak to help with operations and marketing.

11. Kozak has prior work experience in the fuel, petroleum, and chemical testing and inspection services industry, and she previously worked with Smith and Stachowiak for many years.

12. Kozak was thrilled at the opportunity to get back into the industry and to work with Stachowiak and Smith once again.

13. Kozak reasonably believed that Stachowiak had the actual or apparent authority to conduct the interview and offer her a position with Intertek as he represented to Kozak.

14. Kozak agreed to meet with Stachowiak for an interview on March 1, 2022, at 12:30 P.M. at Ruby Tuesdays located at 8680 Bartram Avenue, Philadelphia, PA.

15. At the restaurant they sat at the bar, and Stachowiak immediately started making lewd and inappropriate comments.

16. He asked Kozak to have sex with him and asked her whether her private parts are shaved, waxed or lasered. He also told her that he was getting an erection and that they should get a room at the nearby hotel.

17. Kozak was aware of Stachowiak's propensity for vile and lewd language from her prior working relationship with Stachowiak. Kozak objected to his inappropriate comments, and she insisted that he stop speaking to her in that manner.

18. Stachowiak, however, insisted on continuing his vile dialogue and even told the female bartender that he and Kozak were going to pack-up their lunch and go to the hotel. He also invited the female bartender to join them.

19. Kozak was mortified and told the bartender to ignore Stachowiak.

20. At one point, Stachowiak put his hand on Kozak's left inner thigh and squeezed hard. She pushed his hand away and told him to not do that ever again.

21. Stachowiak has large hands and when he grabbed Kozak's inner thigh his fingers touched her vagina.

22. Stachowiak grabbed her so hard that he left a bruise on Kozak's inner thigh.

23. Despite being told to stop, Stachowiak continually tried to place his hand on Kozak's leg, specifically her upper inner thigh, and he was repeatedly told by Kozak to stop!

24. During the lunch, Stachowiak received a telephone call on his cellular telephone from Smith. Stachowiak informed Smith that he was having lunch with Kozak and that he was interviewing Kozak for a position in operations/marketing.

25. At one point during the lunch, Stachowiak propositioned Kozak by asking her whether she would accept $1000-$1500 a month cash to provide him "companionship" once a month in addition to being hired to work at Intertek.

26. When the lunch ended, Stachowiak told Kozak that he definitely wanted to hire Kozak, and that he would get back to her with a job offer after speaking with Smith.

27. Despite Stachowiak's lewd and inappropriate behavior, Kozak finished the lunch meeting and the interview because she was very interested in obtaining the job at Intertek and returning to the fuel, petroleum, and chemical testing and inspection services industry.

28. Stachowiak and Kozak left the restaurant after the interview ended. Stachowiak followed Kozak to her car and he went to give Kozak a hug as they were saying good-bye.

29. Stachowiak then forcefully grabbed Kozak's buttocks and pulled her towards him. He then jabbed his elbow into her shoulder and used his forearm across her chest to forcefully pin her down against the car against her free will.

30. While holding Kozak pinned against the car and pressing his body against her, Stachowiak started opening his zipper in an effort to take out his penis.

31. Kozak resisted and demanded that he stop, but Stachowiak persisted telling her that it will be quick and that she should just deal with it.

32. Stachowiak roughly pulled Kozaks' shirt forward to gain access to her breasts, and he excitedly commented about the red bra that she was wearing.

33. Kozak struggled and finally broke away from Stachowiak and escaped into her vehicle.

34. Stachowiak opened the passenger side door before Kozak could lock the doors. Kozak then attempted to grab the passenger side door from the inside, but Stachowiak ripped the door out of her hands and forced himself into the front passenger seat.

35. Once inside the vehicle, Stachowiak unbuttoned his pants and started taking them off. He told Kozak to just sit there and watch as he will be quick. He then started stroking his penis.

36. Kozak started to cry as she was being held hostage by Stachowiak. Kozak was deathly afraid that she was about to be raped by Stachowiak.

37. Kozak attempted to escape from Stachowiak by attempting to flee the vehicle, but Stachowiak grabbed her wrist and forcefully pulled her back into the vehicle and restrained her from escaping against her free will.

38. In a desperate attempt to free herself from Stachowiak, Kozak screamed loudly, which caused Stachowiak to release his grip on her.

39. Stachowiak then exited the vehicle freeing Kozak from his imprisonment of her.

40. Kozak then locked the car doors and quickly fled to safety.

41. Intertek, through Smith, knew or should have known that Stachowiak was a danger to others and had a propensity for sexual assault and abuse.

42. Smith and Stachowiak formerly worked together at SGS, which is another company that provides fuel, petroleum and chemical testing and inspection services. Smith was Stachowiak's supervisor at SGS.

43. While working for SGS, Stachowiak sexually harassed and assaulted a female employee of SGS while they were both attending an industry event, i.e., Massachusetts Appreciation Day, in Hyannis, MA.

44. Stachowiak was disciplined/terminated by SGS for this highly inappropriate and unlawful conduct.

## COUNT I
## ASSAULT AS TO DEFENDANT STACHOWIAK

45. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

46. Stachowiak purposefully and knowingly lured Kozak to a lunch meeting on the pretext that she was being interviewed for a job at Intertek while his true intention was to sexually assault Kozak.

47. Stachowiak acted with the intent to cause harm and/or offensive contact to Kozak and he put Kozak in imminent apprehension and fear for her safety and well-being without justification.

48. Stachowiak's actions would be offensive to any person with a reasonable sense of personal dignity.

49. Kozak did not consent to Stachowiak's assaultive conduct and brutal acts, and any purported consent was secured through fraud, deception, undue influence, coercion and duress thereby rendering it void.

50. Stachowiak's actions were outrageous and constituted a wanton and reckless disregard for Kozak's health and wellbeing.

51. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

52. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

53. Stachowiak's actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Stachowiak for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

### COUNT II
### BATTERY AS AGAINST DEFENDANT STACHOWIAK

54. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

55. Stachowiak caused actual offensive touching of Kozak with the intent to cause actual harm.

56. Stachowiak's intentional actions would be offensive to a person with a reasonable sense of personal dignity.

57. Stachowiak's actions were outrageous and constituted a wanton and reckless disregard for Kozak's health and well-being.

58. Kozak did not consent to Stachowiak's offensive groping, touching and brutal physical attack, and any purported consent was secured through fraud, deception, undue influence, coercion and duress thereby rendering it void.

59. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

60. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

61. Stachowiak's actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Stachowiak for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her

community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## COUNT III
## FALSE IMPRISONMENT AS TO DFEENDANT STACHOWIAK

62. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

63. Stachowiak knowingly, purposefully and intentionally restrained Kozak unlawfully and against her free will, thereby interfering substantially with Kozak's freedom of movement and liberty for the purpose of committing sexual assault and battery against Kozak.

64. The circumstances under which Stachowiak unlawfully restrained Kozak exposed her to risk of serious bodily injury.

65. Stachowiak's actions would be offensive to a person with a reasonable sense of personal dignity.

66. Kozak did not consent to Stachowiak's wrongful detention and false imprisonment, and any purported consent was secured through fraud, deception, undue influence, coercion and duress thereby rendering it void.

67. Stachowiak's actions were outrageous and constituted a wanton and reckless disregard for Kozak's health and wellbeing.

68. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

69. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

70. Stachowiak's actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Stachowiak for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## COUNT IV
## NEGLIGENT HIRING AS TO DEFENDANT INTERTEK

71. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

72. Intertek entrusted its agents and supervisors, and specifically Smith, who hired Stachowiak, with the responsibility for assuring that the employees hired by Intertek did not pose a threat to the health and welfare of others.

73. Intertek, as an employer, at the time of hiring Stachowiak, had reason to believe, or could have determined by reasonable investigation, that he was dangerous, but Intertek hired Stachowiak anyway, which proximately caused injury to Kozak.

74. Intertek, through Smith, knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of Stachowiak.

75. Intertek, through Smith, could have reasonably foreseen that hiring a person with the attributes of Stachowiak created a risk of harm to others such as Kozak.

76. Intertek showed a risk of harm that was foreseeable and carelessly, negligently, and recklessly disregarded.

77. Intertek, through Smith, knew or should have known that Stachowiak was a danger to others and had a propensity for sexual assault and abuse.

78. Smith and Stachowiak formerly worked together at SGS, which is another company that provides fuel, petroleum and chemical testing and inspection services. Smith was Stachowiak's supervisor at SGS.

79. While working for SGS, Stachowiak sexually harassed and assaulted a female employee of SGS while they were both attending an industry event, i.e., Massachusetts Appreciation Day, in Hyannis, MA.

80. Stachowiak was disciplined/terminated by SGS for this highly inappropriate and unlawful conduct.

81. Intertek acted carelessly, recklessly, and was grossly negligent by hiring Stachowiak despite having knowledge of his prior conduct and caused or allowed him to cause great harm to Kozak by permitting Stachowiak to engage in the complained of acts.

82. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

83. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

84. Intertek's actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Intertek for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## COUNT V
## NEGLIGENT SUPERVISION AS AGAINST INTERTEK

85. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

86. Intertek employees, including but not limited to Stachowiak, were hired and chosen by Intertek.

87. By hiring the Defendant, Intertek accepted the responsibility for supervising Stachowiak to assure that he properly performed the duties and responsibilities of his position and refrain from engaging in the conduct complained of herein.

88. Intertek, and its employees, managers, training staff, and/or supervisors, and specifically Smith who was Stachowiak's supervisor and who was fully aware of Stachowiak's propensity for sexual harassment and assault, failed to properly monitor Stachowiak.

89. Based on Stachowiak's propensity for sexual harassment and assault, and the entirety of the circumstances, a reasonable person would expect a higher level of supervision and control over Stachowiak's conduct, especially after Stachowiak contacted Smith and informed him that Stachowiak was meeting with Kozak to discuss a position with Intertek.

90. Kozak was sexually assaulted and sustained injury, which was a direct result of Intertek's failure to properly supervise Stachowiak.

91. Intertek, and specifically Smith, failed to reasonably supervise Stachowiak, which led to Kozak being forcibly detained by Stachowiak against her free will and sexually assaulted.

92. Stachowiak's conduct was foreseeable by Smith who was aware of Stachowiak's propensity for sexual harassment and assault, and a reasonable supervisor would have seen this incident coming and taken appropriate measures to prevented it from happening.

93. If there was proper supervision and control over Stachowiak by Intertek, and specifically by Smith, Kozak would not have been forcibly detained and sexually assaulted by Stachowiak.

94. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

95. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

96. Intertek's actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Intertek for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## COUNT VI
## NEGLIGENT RETENTION AS AGAINST INTERTEK

97. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

98. Intertek, and specifically Smith, negligently hired and retained Stachowiak knowing that he had a propensity to commit sexual harassment and assault.

99. Intertek failed to take appropriate action to prevent harm to others, such as Kozak.

100. As a result, Intertek, and specifically Smith, facilitated Defendants' predatory behavior.

101. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

102. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

103. Stachowiak's actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Intertek for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## COUNT VII
## NEGLIGENCE AS AGAINST ALL DEFENDANTS

104. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

105. Defendants owed a duty of reasonable care to Kozak.

106. Defendants did not conduct themselves as a reasonably careful person would under like circumstances and caused or allowed to be caused great harm to Kozak, who was unlawfully detained against her will by Stachowiak and sexually assaulted under the guise of interviewing Kozak for a position at Intertek.

107. Defendants had a heightened duty of care to Kozak because of the inherent risk and prior history of Stachowiak who had a propensity for sexual harassment and assault, which was known by Smith.

108. Defendants breached their legal duty to Kozak and failed to exercise reasonable care, and acted with reckless, willful, and wanton disregard for her safety.

109. Defendants knew or should have known that their negligent conduct would result in a foreseeable injury to Kozak.

110. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

111. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

112. Defendants' actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Defendants for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her

community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS AGAINTS ALL DEFENDANTS

113. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

114. At all times relevant, Stachowiak was and continued to be an employee of Intertek.

115. On the date in question, Kozak was forcibly held against her will and imprisoned by Stachowiak, who sexually assaulted her, which has led to Kozak developing chronic medical conditions.

116. Intertek, through its own wrongful conduct, and through its supervisors, specifically Smith, permitted Stachowiak to sexually assault and falsely imprison Kozak, and facilitated Kozak's forcible detention and sexual assault.

117. The physical and mental abuse of Kozak by Defendants proximately caused Kozak to suffer extreme humiliation and anxiety, severe emotional distress, nervousness, panic attacks, mental anguish and other physical and psychological injuries.

118. Defendants acted either intentionally or recklessly and knew or should have known that Stachowiak would sexually assault Kozak given Smith's prior knowledge of Stachowiak's propensity for sexual harassment and assault, and that Stachowiak's inappropriate conduct would result in serious emotional distress to Kozak beyond what a normal person could be expected to endure.

119. The misconduct of Defendants alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

120. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus;

anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

121. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

122. Defendants' actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREAS**, Kozak seeks Judgment in her favor and against Defendants for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

### COUNT IX
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST ALL DEFENDANTS

123. Plaintiff repeats and reiterates all of the allegations contained in the previous paragraphs as if set forth at length herein.

124. At all times relevant, Stachowiak was and continued to be an employee of Intertek.

125. On the date in question, Kozak was forcibly held against her will by Stachowiak and sexually assaulted, which has led to Kozak developing chronic medical conditions.

126. Intertek, through its own wrongful conduct, and through its supervisors, specifically Smith, permitted Stachowiak to sexually assault and falsely imprison Kozak, and facilitated Kozak's forcible detention and sexual assault.

127. The physical and mental abuse of Kozak by Defendants proximately caused Kozak to suffer extreme humiliation and anxiety, severe emotional distress, nervousness, panic attacks, mental anguish and other physical and psychological injuries.

128. Defendants acted either carelessly or negligently and knew or should have known that Stachowiak would sexually assault Kozak given Smith's prior knowledge of Stachowiak's propensity for sexual harassment and assault, and that Stachowiak's inappropriate would result in serious emotional distress to Kozak beyond what a normal person could be expected to endure.

129. The misconduct of Defendants alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

130. As a direct and proximate result of the conduct described herein above, Kozak has suffered physical injury; severe emotional distress; diminished enjoyment of life; difficulty and an inability to focus; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and, will forever be emotionally and psychologically unable to return to the industry that she loves.

131. Kozak's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

132. Defendants' actions as alleged herein shattered Kozak's natural human trust in others, thereby causing and contributing to psychological injuries to Kozak, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning

capacity. Kozak was also caused to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

    **WHEREAS**, Kozak seeks Judgment in her favor and against Defendants for Compensatory Damages for Kozak's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, punitive damages, statutory interest, costs, reasonable attorney fees and such other relief as the court deems just and proper.

### DEMAND FOR STATEMENT OF DAMAGES

    Kozak demands damages against Defendants in an amount to be determined at the time of trial.

### DESIGNATION OF TRIAL COUNSEL

    Kozak hereby designates Joseph Maddaloni, Jr., Esq. as trial counsel in accordance with the Rules.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

    The undersigned certifies that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

### DEMAND FOR TRIAL BY JURY

    Kozak demands a trial by jury as to all issues so triable.

                                      **SCHENCK, PRICE, SMITH & KING, LLP**
                                      *Attorneys for Plaintiff, Iryna Kozak*

                                      By:  */s/Joseph Maddaloni, Jr.*
                                              Joseph Maddaloni, Jr., Esq. (JM1871)

Dated: April 12, 2023